# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERT SIMS,

    Plaintiff,

vs.

EMMANUEL,

    Defendant.

) 1:13cv00537 DLB PC
)
)
) ORDER DISMISSING ACTION, WITHOUT
) PREJUDICE, FOR FAILURE TO COMPLY
) WITH COURT ORDERS AND
) FAILURE TO PROSECUTE

    Plaintiff Robert Sims ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed this action on April 15, 2013.[1]

    On December 4, 2013, the Court screened Plaintiff's complaint and found that it stated a claim against Defendant Lynyamma Emmanuel for excessive force in violation of the Fourteenth Amendment. Plaintiff was ordered to return service documents within thirty (30) days.

    Plaintiff failed to return the service documents and on January 22, 2014, the Court issued an Order to Show Cause why the action should not be dismissed for failure to follow a Court order and failure to prosecute. Plaintiff was ordered to file a response to the order within thirty days. Plaintiff was also instructed that he could comply by submitting the service documents.

---

[1] On May 6, 2013, Plaintiff consented to the jurisdiction of the United States Magistrate Judge.

1

Over thirty days have passed and Plaintiff has not filed a response or otherwise contacted the Court.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

Based on Plaintiff's failure to comply with these particular Court orders, the Court is left with no alternative but to dismiss the action for failure to prosecute. Id. This action, which has been pending since April 2013, cannot proceed further without Plaintiff's cooperation and compliance with the orders at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. Id. Moreover, Plaintiff was warned in both the order to return service documents and the Order to Show Cause that failing to comply with the orders may result in dismissal of the action.

Accordingly, this action is HEREBY DISMISSED, without prejudice, for Plaintiff's failure to follow Court orders and failure to prosecute.

IT IS SO ORDERED.

Dated:   **March 5, 2014**             /s/ *Dennis L. Beck*
                                       UNITED STATES MAGISTRATE JUDGE